IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN COFIELD, #326109 | * |
|         Petitioner, | |
|         v. | *   CIVIL ACTION NO. CCB-07-131 |
| U.S. ATTORNEY GENERAL | * |
| FEDERAL BUREAU OF PRISONS, | |
|  DIRECTOR | * |
| MID-ATLANTIC REGIONAL DIRECTOR | |
| UNITED STATES MARSHAL SERVICE, | * |
|  DIRECTOR | |
|         Respondents. | * |
| | *** |

**MEMORANDUM**

On January 12, 2007, Keenan Cofield, who is currently confined in Maryland Division of Correction custody, filed this 28 U.S.C. § 2241 petition[1] in which he seemingly claims that the manner in which he is to serve his 10-month federal sentence is incorrectly reflected on his U.S. Marshal detainer.[2] He further claims that is entitled to the award of credit on his federal sentence for time incarcerated on his state charges[3] and the U.S. Bureau of Prisons ("BOP") has failed to

---

[1] Petitioner also invokes this court's mandamus jurisdiction and cites to 18 U.S.C. § 3621(b), which provides for U.S. Bureau of Prisons designation of the place of a prisoner's assignment

[2] Petitioner claims that his federal sentence is to run concurrent with his state sentences.

[3] Petitioner is serving time on multiple state convictions handed down in Baltimore County, Maryland. *See Cofield v. Rouse, et al.*, Civil Action No. CCB-06-909 (D. Md.) at Paper No. 22. Petitioner was sentenced to four years, commencing on January 29, 2005, for violation of probation on an underlying theft conviction in *State v. Cofield*, Case No. 01CR3868. *Id.* In addition, he was sentenced to a four-year term in *State v. Cofield*, Case No. 05CR1502 on a forgery conviction and to a four-year term for theft in *State v. Cofield*, Case No. 05CR1496. *Id.* The sentences are to run concurrent to any other outstanding or unserved sentence and are to commence on February 24, 2004. *Id.* Finally, Baltimore County Circuit Court Judge John O. Henegan imposed a four-year sentence for theft over $500.00 in *State v. Cofield*, Case No. 03-K-06-000552, to commence on February 24, 2004. *Id.*

award him those pre-trial credits   Because he appears indigent, petitioner's motion to proceed in forma pauperis shall be granted.

Petitioner is currently serving Maryland state sentences.  Additionally, he has been convicted and sentenced in this court.  *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004).  On October 29, 2004, he signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371.  On May 16, 2005, the Honorable Marvin J. Garbis sentenced petitioner to a ten-month term in the U.S. Bureau of Prisons ("BOP") with three years of supervised release and ordered him to pay a $100.00 special assessment.  *Id*. at Paper No. 66.   On January 6, 2006, the United States Court of Appeals for the Fourth Circuit dismissed the appeal on the government's motion to dismiss.  The mandate was issued on January 30, 2006.

On June 17, 2005, petitioner filed a motion attacking the sentence imposed by Judge Garbis.[4] *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004) at Paper No. 77.  Judge Garbis concluded that petitioner was requesting that: (1) his 10-month sentence run concurrent to any state sentences; (2) the state award him credit against his state sentence for the period of time he was on home confinement on the federal charges; and (3) the court advise the state that the court has no objection if the state would utilize the fact that petitioner was on home confinement for any purpose.  *Id*. at Paper No. 85. On July 19, 2005, Judge Garbis denied the motion, holding that the 10-month sentence was to run as a consecutive sentence to any state sentence and indicating that he

---

[4]   The motion was filed pursuant to 28 U.S.C. §§ 2241 & 2255.

"will not purport to tell state authorities what they can or should do in regard to defendant Cofield's state sentence or conditions of confinement." *Id.*[5]

Petitioner's protestations notwithstanding, Judge Garbis has explicitly deemed the 10-month federal sentence to run consecutive to petitioner's state sentences. Moreover, the pre-trial credits sought by petitioner cannot be calculated until he actually commences serving his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 332-36 (1992). Once petitioner commences serving that sentence and has exhausted his administrative remedies, a court may conduct an analysis of the disputed calculation under § 2241. *See United States v. Keller*, 58 F. 3d 884, 894 (2$^d$ Cir. 1995).

Petitioner continues to serve his state sentences in Maryland Division of Correction custody. He has yet to begin to serve his federal sentence. Therefore, his petition shall be dismissed without prejudice. A separate Order follows.


Date:  January 30, 2007                                    /s/
                                                  Catherine C. Blake
                                                  United States District Judge

---

[5] Petitioner filed other motions to vacate, one of which was dismissed with prejudice. *See Cofield v. United States*, Civil Action No. MJG-06-881 (D. Md.). The appeal of the judgment was dismissed by the United States Court of Appeals for the Fourth Circuit. *See United States v. Cofield,* 2006 WL 3407743 (4th Cir. Nov. 22, 2006) (per curiam).